

# In the United States Court of Federal Claims

**No. 13-568C**
**(Filed: January 31, 2014)**
**(Not for Publication)**

FILED

JAN 3 1 2014

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                              *
ANTHONY C. KENNEY,                            *
                                              *
            Plaintiff,                        *
                                              *
      v.                                      *
                                              *
THE UNITED STATES,                            *
                                              *
            Defendant.                        *
                                              *
* * * * * * * * * * * * * * * * * * * * * * ** * * *
```

---

### ORDER OF DISMISSAL

---

**WILLIAMS, Judge.**

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Because Plaintiff has failed to allege any actionable claim against the United States, the Court grants Defendant's motion and dismisses the complaint for lack of subject-matter jurisdiction.

### Background

On August 9, 2013, Plaintiff pro se, Anthony C. Kenney, filed a complaint, seeking relief against the "U.S. District Court of Columbia Circuit." Compl. 1. The complaint is largely a list of statutory codes and constitutional provisions, including, "title VII of the civil rights act," the "first admendment [sic]," "antitrust law," and "(42 u.s.c. 1981)section [sic]." Id. Plaintiff fails to explain why he is suing the United States District Court for the District of Columbia or possibly the United States Court of Appeals for the District of Columbia Circuit but apparently asks this Court to submit the case to mediation or to transfer the case to an unnamed state court.

The case appears to relate to previous litigation Plaintiff brought against Swift Transportation Company ("Swift Transportation"). Id. at 4-19.[1] After Swift Transportation declined to hire Plaintiff as a truck driver, Plaintiff filed suit against the company in the United States District Court for the Eastern District of Arkansas on March 2, 2000, chiefly alleging that Swift Transportation did not hire him "because of his race (black) in violation of Title VII of the Civil Rights Act of 1964 . . . ." Id. at 18. The parties entered into an arbitration agreement on March 25, 2004, "agreeing to submit all claims alleged in the case to binding arbitration . . . ." Id. The arbitrator dismissed Plaintiff's claims with prejudice, finding that "Swift Transportation legitimately declined to hire Kenney because he submitted an incomplete application." Id. at 19.

Plaintiff then filed a litany of actions regarding the arbitration award, filing claims, for example, in district courts in Arkansas, Oklahoma, Minnesota, and the District of Columbia. Def.'s Mot. to Dismiss App. A1-20; Compl. 3-19. The United States District Court for the District of Columbia dismissed Plaintiff's lawsuit against Swift Transportation on July 31, 2012, for failing to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Def.'s Mot. to Dismiss App. A19-20. In particular, the Court found that Plaintiff "neither articulates a basis for this Court's jurisdiction, states a claim showing an entitlement to relief, nor demands any particular form of relief." Id. at A20. Plaintiff also filed two cases in the Court of Federal Claims that were dismissed for lack of jurisdiction. Kenney v. United States, No. 12-521 (Fed. Cl. Aug. 24, 2012); Kenney v. United States, No. 10-471 (Fed. Cl. July 30, 2010). Additionally, Plaintiff's complaint includes a February 1, 2013 letter from the United States Court of Appeals for the District of Columbia Circuit's Appellate Mediation Program denying Plaintiff's request to mediate his judicial misconduct complaint, and Plaintiff appears to be challenging the denial of this request. Compl. at 3.

### Discussion

When deciding a motion to dismiss under Rule 12(b)(1), the Court of Federal Claims assumes all of plaintiff's factual allegations are true and draws "all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Goel v. United States, 62 Fed. Cl. 804, 806 (2004). A plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); BearingPoint, Inc. v. United States, 77 Fed. Cl. 189, 193 (2007). If subject-matter jurisdiction cannot be established, the Court must dismiss plaintiff's complaint. RCFC 12(h)(3); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Court holds a pro se plaintiff's pleadings to a less stringent standard than litigants represented by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). The Federal Circuit has cautioned that it "does not expect a pro se litigant to be made to jump through a confusing array of procedural hoops." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992). Pro se plaintiffs, however, must still satisfy the Court's jurisdictional requirements. Minehan v. United States, 75 Fed. Cl. 249, 253 (2007).

---

[1] Pages 3 through 19 of the complaint include previous decisions, letters, and filings from various courts and proceedings concerning Plaintiff's actions against Swift Transportation. An arbitration award is attached at pages 18 and 19 of the complaint.

In this case, Plaintiff appears to be suing either the United States District Court for the District of Columbia or the United States Court of Appeals for the District of Columbia Circuit in relation to Plaintiff's longstanding claims against Swift Transportation. Compl. 1, 18-19; Def.'s Mot. to Dismiss, App. A19-20. Even construing the complaint liberally, Plaintiff has failed to establish subject-matter jurisdiction. It is well established that the only proper defendant in any matter before this Court is the United States. Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (citing United States v. Sherwood, 312 U.S. 584, 588 (1941)). The United States is not liable for the actions of nonfederal parties who are not agents of the United States. Vlahakis v. United States, 215 Ct. Cl. 1018, 1018-19 (1978); Fullard v. United States, 78 Fed. Cl. 294, 300-01 (2007); Stephenson, 58 Fed. Cl. at 190. The Court cannot review the District Court's dismissal of Plaintiff's lawsuit against Swift Transportation because this Court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). Nor can this Court entertain Plaintiff's judicial misconduct claims. O'Connor v. United States, Nos. 09-334C, 09-335C & 09-348C, 2009 WL 4020235, at *2 (Fed. Cl. Nov. 6, 2009) ("Because the statute regarding judicial misconduct does not mandate the payment of money for its violation, no such case may be brought in this court.").

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss the complaint without prejudice for lack of jurisdiction.

_Mary Ellen Coster Will_

**MARY ELLEN COSTER WILLIAMS**
**Judge**